```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER McKIE,

                Plaintiff,                  MEMORANDUM AND ORDER

     -against-                              20-CV-1050 (KAM)

THE ESTATE OF DORIS DICKINSON;
CHARLES KORNEGAY; and PEGGY
KORNEGAY, Co-Administrators of the
Estate of Doris Dickinson,

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge**:

On March 2, 2020, *pro se* plaintiff Christopher McKie filed this civil action against an estate and its two co-administrators, who are relatives of the decedent.  Presently before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3) ("Rule 12(h)(3)"), and defendant's motion is terminated as moot.

## BACKGROUND

The following factual allegations are taken from the complaint and are assumed to be true for purposes of this Memorandum and Order.  Plaintiff was the companion, care-giver, and assistant to Ms. Dickinson during the final years of her life and handled her personal and financial affairs.  Ms.

Dickinson had intended to name him as the beneficiary of her estate and informally created documents to that effect, but died intestate. Ms. Dickinson had an unpleasant relationship with her aunt, defendant Peggy Kornegay, who, along with her two sons, were the only living relatives known to plaintiff. After the funeral, for which plaintiff paid the costs, Ms. Dickinson's brother, Defendant Charles Kornegay, appeared. Peggy and Charles Kornegay were appointed co-administrators of the decedent's estate. The individual defendants subsequently destroyed the documents allegedly describing the decedent's intentions to provide for plaintiff, and demonstrating plaintiff's close relationship with the decedent. Further, the individual defendants allegedly used their position as co-administrators to seize all of the decedent's assets, including a pick-up truck that had been purchased using plaintiff's funds, but was in the decedent's name. Plaintiff was not compensated for his work in caring for the decedent and managing her financial, medical and real estate affairs.

Plaintiff asserts that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1335, and 1343(a)(1). Plaintiff's complaint does not, however, assert any federal question, interpleader, or civil rights violations. Instead, plaintiff asserts only state law causes of action, including

fraud, contract, and *quantum meruit*. Plaintiff also asserts that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), but fails to allege the domicile of any party; instead, he states that plaintiff and defendant Peggy Kornegay are both residents of New York State. Plaintiff requests monetary damages from the individual defendants and from the estate of Doris Dickinson. (Compl. ¶¶ 112-115.) Plaintiff also seeks a declaratory judgment "that he is the rightful beneficiary to Doris Dickinson's estate." (Compl. ¶ 116.) Mr. McKie further seeks "a preliminary injunction ordering that any and all proceedings brought against the estate of Doris Dickinson be halted immediately and held in abeyance pending the outcome of this civil action," which he asserts is necessary to protect his personal property claim in the aforementioned pick-up truck. unds. (Compl. ¶ 117.)

## PROCEDURAL HISTORY[1]

On March 2, 2020, plaintiff commenced this civil action by filing the complaint and paying the filing fee. (ECF No. 1, Complaint; ECF No. 2, Summonses.) On May 13, 2020, defendant Charles Kornegay, with the assistance of counsel and without requesting or receiving prior authorization from the

---

[1] The court includes only relevant procedural history for purposes of this Memorandum and Order.

3

court, as required by this court's motion practices, filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  On May 22, 2020, defendant Charles Kornegay filed a letter informing the court that plaintiff had served defendant with a motion for pre-judgment attachment, which, as of the date of this Memorandum and Order, plaintiff has failed to file with the court.  Defendant further requests a briefing schedule regarding his already-filed motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 13, Letter.[2])

## DISCUSSION

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Regardless of whether a plaintiff has paid the filing

---

[2] ECF No. 13, defendant's letter, was incorrectly docketed as a motion, and is hereby terminated.

fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented on the face of the pleadings, *see* 28 U.S.C. § 1331, or when all plaintiffs and all defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Complete diversity requires that plaintiff be domiciled in a different state from each of the defendants. *See Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.") (internal quotation marks and citations omitted).

5

Here, plaintiff has not established any basis for this court's jurisdiction. Plaintiff does not allege the violation of any federal law or provision that would confer federal question jurisdiction, and plaintiff has failed to show that the requirements for diversity jurisdiction are met. Instead, plaintiff's complaint alleges facts establishing the lack of diversity jurisdiction. Further, plaintiff cites 28 U.S.C. § 1343, which provides for federal jurisdiction over actions involving government infringement of civil rights, but he does not allege that any governmental authority violated his constitutional rights. Plaintiff also asserts diversity jurisdiction, but acknowledges that he and one of the defendants are residents of New York State. Plaintiff fails to allege the domicile of any party. In the absence of complete diversity between the parties, diversity jurisdiction does not exist.

Moreover, even if plaintiff were to dismiss the New York-resident defendant in order to assert complete diversity of citizenship, most of his claims fall squarely within the probate exception to diversity jurisdiction. "The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007) (citations omitted). "[A] federal court

6

may neither 'dispose of property that is in the custody of a state probate court,' nor take over the administration of estate assets pending in probate courts[.]" *Id.* at 107; *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (administration of a decedent's estate is a state court matter).  However, a federal court retains jurisdiction where its exercise "will result in a judgment that does not dispose of property in the custody of a state probate court, even though the judgment may be intertwined with and binding on those state proceedings[.]" *Lefkowitz*, 528 F.3d at 106.  The probate exception must be applied where a federal court would be required to "(1) probate or annul a will, (2) administer (or invalidate the administration of) an estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *King v. Shou-Kung Wang*, 663 F. App'x 12, 13 (2d Cir. 2016) (summary order).

Plaintiff requests that the court stay a pending state probate proceeding and declare him to be the beneficiary of the decedent's estate, and specifically requests distribution to himself of property that is part of the estate.  Plaintiff's requests for relief involve administration of an estate and this court's exercise of jurisdiction over estate property, and are thus barred by the probate exception.

Further, to the extent that plaintiff seeks injunctive

7

relief granting a stay of the probate proceedings, this claim is also separately precluded by the Anti-Injunction Act. The Act provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970). Here, where plaintiff expressly seeks injunctive relief halting state court proceedings, and plaintiff has failed to assert that an exception to the Act applies, injunctive relief is barred by the Anti-Injunction Act. Should plaintiff wish to contest probate or seek to be compensated for his services, the proper forum to address those issues is probate court.

Because plaintiff has failed to assert a proper basis for this court's subject matter jurisdiction, the court must dismiss the complaint pursuant to Rule 12(h)(3).

## **CONCLUSION**

For the reasons set forth above, the court dismisses without prejudice plaintiff's complaint in its entirety for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and terminates as moot defendant's motion to dismiss the complaint.  Although plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order and the judgment to the *pro se* plaintiff at his address of record, note service on the docket, and close the case.

**SO ORDERED.**

                                                /s/
                                 **Hon. Kiyo A. Matsumoto**
                                 United States District Judge

Dated:    May 29, 2020
           Brooklyn, New York